UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODNEY WILLIAMS,

        Petitioner,               Case Number: 2:06-CV-12670

v.                                    HON. ARTHUR J. TARNOW

KENNETH ROMANOWSKI,

        Respondent.
_____/

## ORDER HOLDING PETITION FOR WRIT OF HABEAS CORPUS IN ABEYANCE AND ADMINISTRATIVELY CLOSING CASE

Petitioner Rodney Williams filed a *pro se* petition for a writ of habeas corpus challenging his convictions for first-degree felony murder, armed robbery, and possession of a firearm during the commission of a felony. The Court referred the petition to Magistrate Judge Paul J. Komives for a Report and Recommendation. Magistrate Judge Komives issued a Report and Recommendation recommending that the petition be denied. Although the Report and Recommendation noted that numerous claims were unexhausted, the Magistrate Judge nevertheless recommended that those claims be denied. The Court appointed counsel to represent Petitioner and order Petitioner to show cause within sixty days why the mixed petition should not be dismissed for failure to exhaust state court remedies.

A Michigan prisoner challenging his confinement by way of a habeas corpus petition in this Court must first exhaust all available remedies in the courts of the state wherein he was convicted. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). "Ordinarily, the state courts must have had the opportunity to pass on

defendant's claims of constitutional violations." *Prather v. Rees*, 822 F.2d 1418 (6th Cir. 1987). While the exhaustion requirement is not jurisdictional, *Strickland v. Washington*, 466 U.S. 668, 684, (1984), a "strong presumption" exists that all available state remedies must be exhausted before a petitioner files a petition for writ of habeas corpus. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). Petitioner's response to the order to show cause does not overcome this "strong presumption."

When a petitioner files a mixed habeas petition, that is, one presenting exhausted and unexhausted claims, a district court has discretion to dismiss the petition without prejudice or to stay the matter and hold further proceedings in abeyance pending exhaustion of state court remedies. *Rhines v. Weber*, 544 U.S. 269, 277-279, 125 S. Ct. 1528, 1535 (2005). However, the Supreme Court has cautioned that "stay and abeyance should be available only in limited circumstances." *Id.* at 277. The Supreme Court's chief concern in approving the stay-and-abeyance procedure was that the outright dismissal of a mixed petition should not jeopardize the timeliness of a future petition. *Id.* The Court finds that outright dismissal of the petition may jeopardize the timeliness of a future petition. Therefore, the Court will hold further proceedings on this matter in abeyance.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court within sixty days from the date of this Order. *See id.* Further, he must ask this Court

2

to lift the stay within sixty days of exhausting his state court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Id.* at 781 (internal quotation omitted).

Accordingly, **IT IS ORDERED** that the habeas petition is **STAYED** and further proceedings in this matter are held in **ABEYANCE**. The Court's disposition of the Magistrate Judge's Report and Recommendation is also stayed. If Petitioner fails to file a motion for relief from judgment with the state trial court within **sixty days** from the date of this order, the Court will dismiss the petition for writ of habeas corpus without prejudice. Petitioner shall file a motion to lift the stay and an amended petition in this Court within **sixty days** after the conclusion of the state court proceedings.

Should Petitioner wish to delete the unexhausted claims and proceed only on the exhausted claims, he may move to re-open this case, indicate which claims he wishes to delete, and amend his petition to proceed on the exhausted claims within thirty days of the filing date of this order.

It is further **ORDERED** that, to avoid administrative difficulties, the Clerk of Court close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter. Upon receipt of a motion to lift the stay following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

S/Arthur J. Tarnow  
Arthur J. Tarnow  
United States District Judge  

Dated: September 23, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 23, 2009, by electronic and/or ordinary mail.

                                        S/Catherine A. Pickles
                                        Judicial Secretary