**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RODNEY WILLIAMS,

                Petitioner,                Case Number: 2:06-CV-12670

v.                                    HON. ARTHUR J. TARNOW

KENNETH ROMANOWSKI,

                Respondent.

_____/

## OPINION AND ORDER

1. **GRANTING MOTION TO WITHDRAW AS COUNSEL,**

2. **GRANTING PETITIONER'S MOTION TO REOPEN CASE AND AMEND PETITION,**

3. **DENYING PETITIONER'S MOTION TO STAY DEADLINES,**

4. **ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, AND**

5. **GRANTING IN PART AND DENYING IN PART CERTIFICATE OF APPEALABILITY**

Before the Court are several motions and Petitioner's Objections to Report and Recommendation. The Court has reviewed the motions and the objections and for the reasons that follow, the Court **GRANTS** the Motion to Withdraw as Counsel and Petitioner's Motion to Reopen Case and Amend Petition, **DENIES** Petitioner's Motion to Stay Deadlines, and **ADOPTS** Magistrate Judge Komives' Report and Recommendation.

## I.     Introduction

Petitioner Rodney Williams filed a *pro se* petition for a writ of habeas corpus challenging his convictions for first-degree felony murder, armed robbery, and possession of a firearm during the commission of a felony.  The Court referred the petition to Magistrate Judge Paul J. Komives for a Report and Recommendation.  Magistrate Judge Komives issued a Report and Recommendation recommending that the petition be denied.  Although the Report and Recommendation noted that numerous claims were unexhausted, the Magistrate Judge nevertheless recommended that those claims be denied.  Because a "strong presumption" exists that all available state remedies must be exhausted before a petitioner files a petition for writ of habeas corpus, the Court ordered Petitioner to show cause within sixty days why his mixed petition should not be dismissed for failure to exhaust state court remedies.  The Court also appointed counsel to assist Petitioner in the preparation of his response to the order to show cause.

On September 23, 2009, the Court issued an Order Holding Petition for Writ of Habeas Corpus in Abeyance and Administratively Closing Case.

## II.    Motion to Withdraw as Counsel

On October 21, 2009, counsel filed a motion to withdraw, citing an absolute breakdown in the attorney-client relationship.  Counsel represents that Petitioner and counsel are unable to resolve fundamental differences as to whether Petitioner's unexhausted claims should be exhausted in state court before continuing with the habeas corpus petition.  Petitioner has filed a *pro se* pleading entitled "Petitioner's Response to Appointed Counsel's Motion to Withdraw and Request for the Guiding Hand of Counsel . . ."  The title of this pleading, however, does not

2

reflect its substance.  The body of the pleading contains Petitioner's arguments against the exhaustion requirement.  Petitioner also has filed a *pro se* Motion to reopen case and amend petition.  Based upon the representations of counsel and the content and tone of Petitioner's *pro se* motions, the Court is persuaded that the attorney-client relationship is irretrievably broken and will grant counsel's Motion to withdraw.  Because counsel's appointment was for the purpose of assisting Petitioner in responding to the Order to Show Cause and a response has been filed and because the issues have now been fully briefed, the Court declines to appoint new counsel.

## III.     Motion to Reopen Case and Amend Petition

The order holding the habeas petition in abeyance provided that, should Petitioner wish to delete the unexhausted claims and proceed only on the exhausted claims, he could move to re-open this case within thirty days of the abeyance order and amend his petition to proceed on the exhausted claims.  Petitioner has filed a Motion to reopen and amend his petition to delete the unexhausted claims.[1]  The motion was timely filed.  The Court will grant the motion.

## IV.     Motion to Stay Deadlines

On the same date counsel filed a motion to withdraw, he filed a motion to stay deadlines. Counsel sought to stay the deadlines set forth in the Court's abeyance order so that counsel's order to withdraw did not jeopardize Petitioner's ability to comply with those deadlines.

---

[1]  Although Petitioner states, in this motion, that he would like to delete his unexhausted claims, his subsequent *pro se* pleadings in this Court present arguments as to why his unexhausted claims should be considered by the Court.  Based upon Petitioner's contradictory statements about his desire to pursue these unexhausted claims on habeas review and the fact that the Magistrate Judge, although finding certain claims unexhausted, nevertheless addressed the merits of these claims, this Court will address the merits of all of Petitioner's claims.

Petitioner timely filed a *pro se* motion to reopen these proceedings. Therefore, a stay is unnecessary and the motion will be denied as moot.

**V.     Report and Recommendation**

    **A.     Standard of Review**

A district court must conduct a *de novo* review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." *United States v. Shami*, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[ ] that the district judge would be the final arbiter" of a matter referred to a magistrate. *Flournoy v. Marshall*, 842 F.2d 875, 878 (6th Cir. 1987).

    **B.     Analysis**

Petitioner raises objections to the Magistrate Judge's recommendation as to each of the issues raised in the petition.

        **1.     Counsel-Related Claims**

Petitioner raises several claims related to his Sixth Amendment right to counsel. First, he claims that he was improperly denied substitute counsel and forced to proceed *pro se* without a valid waiver of his right to counsel. Second, he argues that he was denied his right to counsel at

4

a line-up at which he was identified as the shooter.  Third, he argues that his trial and appellate counsel were constitutionally ineffective.

Petitioner fails to show any basis upon which to depart from the Magistrate Judge's thorough analysis of the facts and governing law.  The Court agrees with the Magistrate Judge that Petitioner is not entitled to habeas relief on any of his counsel-related habeas claims.

### 2.    Speedy Trial Claim

Next, Petitioner argued that he was denied his Sixth Amendment right to a speedy trial. The interval between Petitioner's arrest and trial was approximately nine months.

In deciding this claim, the trial court, although not citing Supreme Court precedent, clearly applied the standard set forth by the Supreme Court in *Barker v. Wingo*, 407 U.S. 514 (1972).  In *Barker*, the United States Supreme Court has held that courts should consider the following four factors in determining whether a defendant's constitutional right to a speedy trial has been violated:  (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his or her right to speedy trial; and (4) prejudice to the defendant.  *Id*. at 528.  The Report and Recommendation analyzes the facts of Petitioner's case under the factors established in *Barker*.  The recommendation that this claim be denied because Petitioner is unable to show a speedy trial violation is supported by case law.

### 3.    Jury Instruction

Petitioner argues that he is entitled to habeas corpus relief because he was denied a fair trial when the trial court declined to give an instruction on the inherent unreliability of eyewitness identification.

An erroneous jury instruction warrants habeas corpus relief only where the instruction "'so infected the entire trial that the resulting conviction violates due process.'" *Estelle v. McGuire*, 502 U.S. 62, 72 (1991)*,* (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)). "[I]t must be established not merely that the instruction is undesirable, erroneous, or even 'universally condemned,' but that it violated some [constitutional] right." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974). An instruction on the relative reliability of eyewitness testimony is not required by the Constitution, nor is there any clearly established Federal law requiring such an instruction. *Schnorr v. Lafler*, No. 05-74644, 2008 WL 1766669, *11, n.4 (E.D. Mich. Apr. 17, 2008). Therefore, this claim does not entitle Petitioner to habeas corpus relief. *See Samu v. Elo*, 14 Fed. App'x 477, 478 (6th Cir. 2001) (holding habeas petitioner not entitled to relief on claim that trial court failed to give requested instruction where petitioner identified no clearly established federal law requiring the giving of such an instruction).

### 4.    Identification Testimony

Petitioner also argues that the identification was unreliable and therefore should have been excluded. The Magistrate Judge determined that the pre-trial identification procedure was not impermissibly suggestive or otherwise improper and that inconsistencies between the witness's original description of the perpetrator and the identification of Petitioner went to the weight rather than the admissibility of the identification. The Court agrees with the Magistrate Judge's well-reasoned disposition of this claim. Petitioner's objections do not persuade the Court that the identification testimony should have been excluded.

### 5.     Admission of Prior Bad Act

Next, Petitioner argues that he was denied a fair trial by the introduction of prior bad act evidence, that he had fired a gun when he was sixteen.  Petitioner has not shown that he was denied a fair trial by the introduction of this evidence.  In response to the defense's challenge to gunshot residue evidence, the prosecutor asked Petitioner whether he had previously fired a gun. Petitioner responded that he had fired a gun when he was sixteen.  Petitioner was not questioned further on this issue.  The question by the prosecutor was proper given that Petitioner challenged the gunshot residue evidence.  In addition, the evidence did not necessarily constitute a bad act. The Court agrees with the Magistrate Judge's conclusion that Petitioner was not denied a fair trial by the admission of this evidence.

### 6.     Right to Present a Defense

Petitioner next argues that his right to present a defense was violated when the trial court prevented him from introducing the testimony of Agatha Bond.  While Petitioner characterizes the facts as his having been prevented from calling Bond as a witness, he, in fact, did not attempt to call her as a witness.  Instead, he attempted to introduce into evidence Bond's statement to the police during his own direct examination testimony.  The trial court sustained the prosecutor's objection on hearsay grounds.  Petitioner's right to present a defense does not relieve him of his obligation to comply with the rules of evidence.  *Clark v. Arizona*, 126 S. Ct. 2709, 2731-32 (2006).  Petitioner did not seek to call Bond as a witness.  The Court finds that his right to present a defense was not violated by the Court's decision to exclude the hearsay evidence.

### 7.      Sufficiency of the Evidence

Petitioner argues that the prosecution presented insufficient evidence to establish his guilt beyond a reasonable doubt.  Petitioner argues that the identification and gunshot residue test were unreliable and that the element of malice was not proved beyond a reasonable doubt.  The reliability of the identification testimony and gunshot residue test were challenged during the trial.  The Court presumes that the jury resolved the challenged evidence in favor of the prosecution.  *Jackson v. Virginia*, 443 U.S. 307, 326 (1979).  The Michigan Court of Appeals, considering Petitioner's claim that the malice element was not established, held that because there was evidence that Petitioner fired his gun at a door, knowing someone was standing beyond it, and because the natural tendency of firing a gun at a door behind which someone is standing is to cause death or great bodily harm, a rational factfinder reasonably could find beyond a reasonable doubt that Petitioner acted with malice.  The Court finds that this conclusion was not contrary to or an unreasonable application of *Jackson*.

### 8.      Prosecutorial Misconduct Claims

Petitioner presents several prosecutorial misconduct claims.  He argues that the prosecutor improperly suppressed exculpatory evidence, made improper, prejudicial remarks during his opening statement and closing argument, failed to produce *res gestae* witnesses, and presented perjured testimony.  The Magistrate Judge determined that no *Brady* violations occurred, that the prosecutor's opening and closing arguments were proper, that the absence of *res gestae* witnesses did not deny him a fair trial, and that Petitioner failed to show that any evidence that was indisputably false was presented.  The Court agrees with the Magistrate

8

Judge's well-reasoned disposition of these claims.  Petitioner's objections do not persuade the Court that these issues should be resolved differently.

### 9.    Transcription Errors

Next, Petitioner argues that there were several errors in the transcription of trial court proceedings.  Specifically, he argues that several portions of the trial were erroneously transcribed, several were omitted, and some things that did not occur were added to the transcript.  Other than his own argument, Petitioner provides no support for the alleged transcription errors.  Petitioner's unsupported assertions are insufficient to overcome the presumption that court transcripts are correct.  *See* Haynes v. McCaughtry, 1992 WL 66493, at *2 (7th Cir. March 24, 1992).

### 10.    Right of Confrontation and Shackling of Petitioner

Petitioner raises two claims related to an incident during which Petitioner claims he was removed from the courtroom.  His removal, Petitioner argues, violated his right to be present during Tracey Williams testimony and exposed his shackles to the jury.  The trial court transcript, however, does not support Petitioner's version of events.  Instead, the transcript shows that, outside the presence of the jury, Petitioner was warned that if he "act[ed] up" again he was going to be removed form the courtroom.  The record does not indicate that Petitioner was ever removed from the courtroom.  Other than his unsupported claim that the transcript is inaccurate in this regard, Petitioner provides no support for his claim that he was removed from the courtroom and the Court finds no support in the record.  The Court, therefore, denies relief on these claims.

9

11.     **Arrest and Arraignment**

Finally, Petitioner argues that he was arrested without a warrant and not awarded a probable cause hearing within 48 hours.  Based upon these alleged irregularities, Petitioner argues that his bind-over to circuit court was improper and the circuit court failed to properly acquire jurisdiction over him.  The Court adopts the Magistrate Judge's well-reasoned disposition of these claims.

## VI.   Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.  Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court finds that reasonable jurists could debate whether Petitioner "deserve[s] encouragement to proceed further" with respect to his claim that his waiver of counsel was invalid.  *Slack*, 529 U.S. at 484 (internal quotation omitted).  The Court further finds that jurists of reason could not find it debatable whether the petition states a valid claim of the denial of a constitutional right with respect to Petitioner's remaining claims.

10

**VII.    Conclusion**

For the reasons stated above, the Court **ADOPTS** the Report and Recommendation in its entirety.  Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Motion to Withdraw as Counsel and Petitioner's Motion to Reopen Case and Amend Petition are **GRANTED** and Petitioner's Motion to Stay Deadlines is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **GRANTED** for Petitioner's invalid waiver of counsel claim and **DENIED** on all other claims.


S/Arthur J. Tarnow
Arthur J. Tarnow
Dated: December 14, 2009          United States District Judge


I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on December 14, 2009, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary

11